NO. 07-12-00092-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 20, 2012

---

HILARIO CORDOVA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 22,482-C; HONORABLE ANA  ESTEVEZ, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Hilario Cordova filed notice of appeal from his conviction of aggravated robbery with a deadly weapon and the resulting sentence of thirty-five years of imprisonment.  We will dismiss the appeal for want of jurisdiction.

Sentence was imposed on January 19, 2012.  The clerk's record has been filed, and it contains no motion for new trial, so the notice of appeal was due on or before February 20.  Tex. R. App. P. 26.2(a).  The notice of appeal was filed on March 2.  We may extend the time to file a notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal and a motion for extension.

Tex. R. App. P. 26.3. Appellant filed a motion for extension of time to file the notice of appeal on March 19.

By letter of March 27, we notified appellant that his notice of appeal appeared untimely. Appellant was directed to file any documents or matters necessary to demonstrate we have jurisdiction over his appeal. On April 10, appellant's newly-appointed appellate counsel filed a document, attaching an affidavit from appellant's trial counsel. The documents describe events that have occurred since appellant's sentencing, including his transfer from the Randall County jail to the Texas Department of Criminal Justice.

A late notice of appeal is considered timely and thus invokes the appellate court's jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519 (Tex Crim.App. 1996). The Court of Criminal Appeals has expressly held that without a timely-filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo*, 918 S.W.2d at 522; *accord*, *Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex.Crim.App. 1998).

Appellant's notice of appeal was filed within fifteen days of its due date, but his motion for extension was not timely because it was not filed within that fifteen-day period. Because this court has no authority to allow the late filing of a notice of appeal

2

except as expressly provided by Rule 26.3, the appeal must be dismissed.[1] *Olivo,* 918 S.W.2d at 522. Accordingly, the appeal is dismissed for want of jurisdiction.


James T. Campbell
Justice


Do not publish.

---

[1] Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (West 2011).